IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Christina Ann Holcomb, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 10-G-0306-M |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Christina Ann Holcomb, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

        In the instant case, the ALJ, Michael L. Brownfield, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment.  The ALJ found the plaintiff unable to perform her past relevant work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers within the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the  Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony or the

testimony of his doctors is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id. This also holds true for the opinions of treating physicians.

### THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."

McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges she is disabled due to the effects of bipolar disorder. The plaintiff was 34 years old at the time of the ALJ's decision and had a seventh grade education. Her previous work included being a certified nursing assistant. The plaintiff alleges she became disabled on February 13, 2007, when she began receiving treatment for bipolar disorder and depression at the C.E.D. Mental Health Center. At that time she described her symptoms as including racing thoughts, crying episodes, thoughts of suicide without plans, poor appetite and feeling nervous all the time. She also reported that she could not stand to be around people. At the C.E.D. Mental Health Center she was treated by Dr. Grant, a psychiatrist. The medical records

show that she was treated at the C.E.D. Mental Health Center from February 13, 2007, to July 31, 2008.  During that period of treatment Dr. Grant adjusted the plaintiff's medications in an attempt to alleviate her symptoms.

On November 7, 2008, Dr. Grant completed a Medical Source Statement (Mental) form on which he indicated extreme impairments in the following 15 categories:

- Interact appropriately with the general public

- Get along with coworkers or peers

- Constriction of interest

- Deterioration in personal habits

- Understand, remember, and carry out simple instructions

- Understand, remember, and carry out complex instructions

- Understand, remember, and carry out repetitive tasks

- Maintain attention and concentration for extended periods

- Perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances

- Sustain a routine without special supervision

- Complete a normal work day and work week without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods

- Make simple work-related decisions

- Respond appropriately to changes in the work setting

- Respond to customary work pressures

- Be aware of normal hazards and take appropriate precautions

Doctor Grant indicated the plaintiff had a marked impairment in the following three categories:

- Ask simple questions or request assistance

- Restriction of daily activities

- Respond appropriately to supervision

At the plaintiff's ALJ hearing the vocational expert was questioned about the impact of Dr. Grant's medical source opinion. She testified that if Dr. Grant's assessment was found to be correct, there would not be any jobs the plaintiff would be able to perform. Therefore, unless substantial evidence supports the ALJ's refusal to credit the medical source opinion from plaintiff's treating psychiatrist, Dr. Grant, the plaintiff is disabled within the meaning of the Social Security act.

When considering whether substantial evidence supports an ALJ's decision, the evidence as a whole must be considered. Proper application of the substantial evidence standard requires an evaluation of all of the evidence in the record.

> Substantiality of the evidence must be based upon the record taken as a whole, Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973) . . . . The court "may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978).

Sias v. Secretary of Health and Human Services, 861 F.2d 475, 479 n. 1, (6th Cir. 1988).

> The evidence must do more than create a suspicion of the existence of the fact to be established.... [i]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling & Stamping Co., Inc., 306 U.S. 292, 300, 59 S. Ct. 501, 505, 83 L. Ed. 660 (1939).

Id. Although the ALJ recited reasons for rejecting Dr. Grant's medical source opinion, those reasons are not supported by substantial evidence. Therefore, based upon the law of this circuit Dr. Grant's medical source opinion must be accepted as true and the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith

    DONE and ORDERED 28 February 2011.

                                                    UNITED STATES DISTRICT JUDGE
                                                         J. FOY GUIN, JR.

.